New-Haven,
July, 1836.

Hall
v.
Ives.

⸺⸺⸺◆⸺⸺⸺

## HALL *against* IVES :

### IN ERROR.

A person who sells an article, agreeing to receive payment in certain other specified articles, may charge the article sold on book, and recover the value in an action of book debt.

THIS was an action of book debt, brought by *Hall* against *Ives*, and tried before the county court, on the general issue, closed to the court.

On the trial, the defendant offered in evidence his book account, among the items of which was one for a horse sold to the plaintiff, and charged to him, at the sum of 33 dollars, 67 cents. In support of this charge, the defendant swore, that on the 28th of *October*, 1835, he sold the horse to the plaintiff for four dozen and three pewter tea-pots, to be delivered by the plaintiff, to the defendant, (the latter paying to the plaintiff half the price of one tea-pot, *viz.* two shillings, in money,) whenever the defendant should call upon the plaintiff for them ; that the defendant then delivered the horse to the plaintiff, and offered to pay him the two shillings; but that they could not make the change ; that the plaintiff said, " let it be, we will make it right ;" that the plaintiff took possession of the horse, and agreed to give the defendant the four dozen and three tea-pots, and to deliver them on demand; that on the 29th of *October*, and on another subsequent day, the defendant demanded of the plaintiff the four dozen and three tea-pots, which the plaintiff refused to deliver ; and that the defendant thereupon charged the horse on book to the plaintiff, at the sum of 33 dollars, 67 cents, the agreed value of the tea-pots.

Upon this testimony of the defendant, the plaintiff claimed, that the horse was not a proper charge in an action of book debt, and prayed the court so to decide. But the court held it to be a proper charge on book, and rendered judgment for the defendant.

The plaintiff filed a bill of exceptions to this decision, and thereupon brought a writ of error in the superior court. The judgment of the county court was there affirmed ; and the plaintiff, by motion in error, brought the record before this court for revision.

*Beach* and *Chapin,* for the plaintiff, contended, 1. That the horse was not a proper charge on book, as there was no sale. We do not sell one article of property for another specific article, but for some given price, of which the currency of the country is to be the standard of measure. A sale is distinguished from *exchange* or *barter*, in which one commodity is given for another ; whereas in selling, the consideration is money, or its representative in current money. *Web. Dict.* in verb. In case of the sale of goods by merchants to farmers, to be paid for in the produce of their farms, the goods are sold

at a certain price, and the produce is received at the market price. But in this case, no price was agreed upon; and horses bear no certain price in market; and hence no rule exists, by which the price can be determined. No agreement was made as to the price of the tea-pots; or if there was any understanding between the parties on the subject, it does not appear whether that price was the cash or barter value, the wholesale or the retail price.

2. That if the exchange may be termed a sale, it was still of one article in specie for another article in specie—the property to be delivered in pursuance of a special agreement between the parties; which cannot be proved by the parties. And no article is a proper charge on book, unless it can be substantiated, by the oath of the parties. *Phenix* v. *Prindle, Kirb.* 209. *Peck* v. *Jones, Kirb.* 289. *Weed* v. *Bishop,* 7 *Conn. Rep.* 128. *Terrill* v. *Beecher,* 9 *Conn. Rep.* 344.

*Mix,* for the defendant, contended, 1 .That the bill of exceptions presented no point of law, being an attempt to bring up the whole case, as it appeared in evidence. *Watson* v. *Watson* & al. 10 *Conn. Rep.* 75. *Picket* v. *Allen,* 10 *Conn. Rep.* 147.

2. That the charge was a proper book-debt charge. It was a charge for a horse sold, for a price agreed. The right to charge existed at the time of the delivery, and arose in consequence of the delivery. It does not alter the case, that the tea-pots were to be delivered whenever called for. Suppose the horse had been sold for cash, to be paid when called for; would that have made it an improper charge on book? But where is the difference? Such charges are familiar in practice in this state, and are sanctioned by the decisions of our courts. 1 *Sw. Dig.* 582. A special agreement respecting the mode of payment, will not preclude the party from a right to charge on book. *Ib.* The claim here is not one of damages for a breach of contract or for a tort. To deny the right to charge in this case, would be to exclude all barter trade from book.

WAITE, J. A single question is presented, in this case; and that is, whether a person who sells an article, and agrees to receive payment in other specified articles, may charge the article sold, on book. It is a well settled principle, in the law re-

*New-Haven, July, 1836.*

Hall
*v.*
Ives.

lating to actions on book, that a special agreement respecting the mode of payment, will not preclude the party from a right to charge the articles sold, on book. It is a common custom for merchants to sell their goods to farmers, payable in the produce of their farms. The goods, when sold, are charged on book, and the produce credited, when received. The farmer, in his dealings with the merchant and mechanic, pursues a similar course. In very many cases, there are specific agreements respecting the kind and quantity of the articles to be received in payment.

We are of opinion, that there is no error in the judgment of the superior court.

The other Judges concurred in this opinion.

Judgment affirmed.